UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20657-CIV-COHN/SELTZER

ENRIQUE J. VARONA,

       Plaintiff,

vs.

FLORIDA STATE TROOPER M.G.
RIETMANN, et al.,

       Defendants.
_____/

**ORDER GRANTING DEFENDANTS TROOPER M.G. RIETMANN, THE STATE OF FLORIDA, AND THE DIRECTOR OF DMV'S MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendants Trooper M.G. Rietmann, the State of Florida, and the Director of the DMV, Officially and Personally, Motion to Dismiss With Prejudice [DE 50] ("Motion"). The Court has considered the Motion, Plaintiff's Response [DE 56] ("Response"), notes the lack of reply by the deadline of April 9, 2012, and is otherwise fully advised in the premises.

I. BACKGROUND

Plaintiff Enrique J. Varona ("Plaintiff") originally filed this action on February 25, 2011. Complaint [DE 1]. After Judge Jordan[1] granted a motion to dismiss the complaint without prejudice [DE 33], Plaintiff filed the instant Amended Complaint on September 6, 2011, against Defendants M.G. Rietmann ("Rietmann"), Haul-O-Way Hauling, Inc., The State of Florida, Chief Administrative Officer of Dade County, and

---

    [1]    This case was reassigned to the undersigned on March 15, 2012.

Director of DMV (collectively "Defendants").[1]  Amended Complaint ("Am. Compl.") [DE 36].  The Amended Complaint alleges that the Plaintiff was pulled over for speeding by Defendant Rietmann of the Florida Highway Patrol on January 12, 2012.  Am. Compl. ¶¶ 11, 14.  Because Plaintiff was unable to produce a valid tag and registration for the car, Rietman had the car towed.  Id. ¶¶ 14, 17-18, 20.  Plaintiff alleges that Defendant Haul-O-Way Towing refused to release the vehicle to him because he was unable to produce a registration or title.  Id. ¶ 44.  Plaintiff was later told that Haul-O-Way Towing no longer had his vehicle.  Id. ¶ 53.  Plaintiff brings claims against the Defendants for assorted constitutional and statutory violations stemming from the impoundment of his car.  Defendants Rietmann, The State of Florida, and the Director of the DMV (collectively "The Florida Defendants") have now moved to dismiss Plaintiff's Amended Complaint with prejudice.

## II. DISCUSSION

### A. Legal Standard For Motion to Dismiss.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) encompasses both challenges based on the court's lack of federal subject matter jurisdiction and challenges based on lack of standing.  Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack

---

[1] Major James Brierton was named a defendant in the original complaint, but was not named in the Amended Complaint.  Accordingly, Major Brierton is no longer a defendant in this action. Thus, there is no need to dismiss the complaint as to Brierton, as suggested in the Motion, because he is no longer a defendant to this action.  See Motion at 2 ¶ 2.

of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).") (internal quotations omitted)); see also Holy Cross Hosp., Inc. v. Baskot, No. 10–62133–CIV, 2010 WL 5418999, at *2 (S.D. Fla. Dec. 23, 2010) ("Standing is jurisdictional in nature; therefore, Defendants proceeded under Rule 12(b)(1) to dismiss Count I for lack of standing."). A claim cannot proceed in federal court if the plaintiff does not have standing. Valley Forge Christian Coll. v. Am. United for Separation of Church & State, 454 U.S. 464, 471 (1982).

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" Id. at 556.

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears

'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Nevertheless, the Court does not have a "license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

**B. Plaintiff Lacks Standing to Pursue His Claims Against the Florida Defendants.**

The Florida Defendants move to dismiss the Amended Complaint on the grounds that Plaintiff lacks standing to raise his claims against the Florida Defendants. Motion at 6-7 ¶¶ 9-11.  Specifically, they contend that Plaintiff has failed to allege that he "suffered a concrete injury or invasion of a legally protected interest."  Id. at 6 ¶ 11. Because Plaintiff admits that he was unable to produce proof of his ownership of the vehicle during the traffic stop, the Florida Defendants argue that, "the very face of the Plaintiff's Amended Complaint indicates a lack of an actual and concrete property interest in the subject vehicle."  Id. at 7 ¶ 11.  In opposition, Plaintiff argues that he has standing because he suffered the loss of his vehicle due to the "arbitrary, unlawful, unconstitutional, actions and conduct of DEFENDANTS."  Response at 4 ¶¶ 16-17.

The constitutional standing analysis requires a plaintiff to demonstrate that: (1) the plaintiff suffered an injury in fact; (2) the injury was causally connected to the defendant's action; and (3) the injury will be redressed by a judgment in the plaintiff's favor.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  Here, Plaintiff admits in his Amended Complaint that he was not able to produce "a valid temporary

4

tag and registration" when he was pulled over Am. Compl. ¶ 14.[2] Accordingly, the Court is inclined to agree with the Florida Defendants' argument that Plaintiff has failed to properly allege that he suffered an injury in fact. Moreover, even if Plaintiff's contention that he was the owner of the car despite his inability to produce a valid tag and registration is sufficient to establish an injury in fact at the motion to dismiss stage, Plaintiff has failed to allege that his alleged injury was causally connected to the conduct of the Florida Defendants. Once the vehicle was impounded, Plaintiff fails to allege that the Florida Defendants were involved in the subsequent sale or disposal of his vehicle by Defendant Haul-O-Way Towing. Accordingly, the Court will grant the Florida Defendants Motion on the basis that Plaintiff has failed to establish standing.

### C. Plaintiff Fails to State a Claim Against the Florida Defendants.

Even if Plaintiff has standing to bring claims against the Florida Defendants, the Court would nonetheless grant the Motion because Plaintiff has failed to state a claim. The parties agree that Plaintiff attempts to state a claim pursuant to 42 U.S.C. § 1983. Motion at 4 ¶ 7; Response at 2 ¶ 6. The Florida Defendants argue that their Motion should be granted because "[t]here are no facts in the Plaintiff's Amended Complaint which support any allegation of a deprivation of a constitutional right and there are

---

[2] By failing to register his vehicle, Plaintiff violated a Florida statute which requires "every owner or person in charge of a motor vehicle that is operated or driven on the roads of this state [to] register the vehicle in this state." Fla Stat. § 320.02(1). Additionally, his failure to produce a valid registration to Officer Rietmann as requested was "a noncriminal traffic infraction, punishable as a nonmoving violation." Fla. Stat. § 320.0605.

certainly no facts which establish an affirmative causal connection between the [Florida] Defendants' conduct and a constitutional deprivation." Motion at 5 ¶ 8 (footnote omitted). The Florida Defendants contend that "the impoundment of an automobile by a Florida law enforcement officer for lack of a valid tag and no registration" does not support the constitutional claims Plaintiff attempts to assert. See id. Plaintiff argues that he has stated a valid claim pursuant to 42 U.S.C. § 1983 and that the Defendants may "serve interrogatories requiring the PLAINTIFF to particularize the theory of liability." Response at 3 ¶ 9.[3]

The Court agrees with the Florida Defendants that Plaintiff fails to state a claim as to these defendants. "[T]o prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa–Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). To establish § 1983 liability, the plaintiff must allege "an affirmative causal connection between a government actor's acts or omissions and the alleged constitutional violation." Brown v. City of Huntsville, Ala., 608 F.3d 724, 737 (11th Cir. 2010). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Molette v. Georgia, No. 11-10581, 2012 WL 1002342, at *2 (11th Cir. Mar. 27, 2012) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)). Thus, Plaintiff's claims against the State of Florida and the Director of the DMV in his

---

[3] Plaintiff is misplaced in this belief. The United States Supreme Court has specified that a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

6

Official Capacity[4] fail to state a claim.  Mollette, 2012 WL 1002342, at *2 (affirming dismissal of section 1983 claim brought against sheriff representing the state of Georgia for failure to state a claim); McGinley v. Fla. Dept. of Highway Safety & Motor Vehicles, 438 Fed. Appx. 754, 756 (11th Cir. 2011) ("The Florida Highway Patrol is a state agency, and as such the McGinleys can not bring a § 1983 claim against it."); see also Motion at 5 ¶ 8 n.2.  Plaintiff's claims against Rietmann also fail to state a claim because Plaintiff has failed to allege a causal connection between Rietmann's impoundment of Plaintiff's car and any alleged constitutional violation that Plaintiff later suffered when his vehicle was sold or auctioned.  See Motion at 5 ¶ 8.

### D. Defendants Rietmann and the Director of the DMV in His Individual Capacity Would Likely be Entitled to Qualified Immunity.

The Florida Defendants also contend that Defendants Rietmann and Director of the DMV in his individual capacity would be entitled to qualified immunity.  Motion at 7-9 ¶¶ 12-17.[5]  Qualified immunity "offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Wood v. Kesler, 323 F.3d 872, 877 (11th Cir. 2003) (internal citations and quotation marks omitted).  Qualified immunity is intended "to allow government officials to carry out their

---

[4] "A suit against a public official in his official capacity is ... treated as a suit against the local government entity he represents, assuming that the entity receives notice and an opportunity to respond." McMillian v. Johnson, 88 F.3d 1573, 1576 n. 2 (11th Cir. 1996) (citations omitted).

[5] Plaintiff's response regarding why Rietmann and the Director of the DMV are not entitled to qualified immunity is nonsensical.  For example, Plaintiff cites to multiple provisions of the Uniform Commercial Code and various statutes which have absolutely no applicability to the instant case.  See Response at 4-11.

discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." Id. Once an official establishes that he was acting within the scope of his discretionary authority, the burden shifts to the plaintiff to overcome the privilege of qualified immunity. See Case v. Eslinger, 555 F.3d 1317, 1325-26 (11th Cir. 2009). To do so, the plaintiff must prove: (1) that the defendant violated a constitutional right and (2) that this right was clearly established at the time. See id. Qualified immunity may be raised and addressed on a motion to dismiss. Snider v. Jefferson State Cmty. Coll., 344 F.3d 1325, 1327 (11th Cir. 2003). A motion to dismiss will be granted on qualified immunity grounds if "the complaint fails to allege the violation of a clearly established constitutional right." Id. (internal citations and quotations omitted). Here, the Court agrees with the Florida Defendants that the Amended Complaint fails to allege the violation of a clearly established constitutional right. Although Plaintiff purports to allege numerous constitutional violations, none of these supposed constitutional violations are tied to Defendant Rietmann's impoundment of Plaintiff's vehicle for failure to produce a valid tag and license. Thus, Defendants Rietmann and Director of DMV would likely be entitled to qualified immunity.[6]

### E. Dismissal With Prejudice is Warranted.

Finally, the Florida Defendants contend that dismissal with prejudice is warranted because "[t]his is Plaintiff's second attempt to state a viable claim against the [Florida]

---

[6] Moreover, as the Florida Defendants point out, the Amended Complaint is devoid of any allegations taken by the Director of the DMV. See Motion at 10 ¶ 17. Thus, the Director of the DMV would not be amenable to suit in his individual capacity.

Defendants, and he has once again failed to come remotely close to doing so." Motion at 10 ¶ 21.  "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Coresello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005).  Leave to amend need not be granted "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Id. (quotation marks omitted).  The Court agrees that Plaintiff's claims against the Florida Defendants should be dismissed with prejudice because any further amendment would be futile.  Accordingly, the Court will dismiss Plaintiff's claims against these defendants with prejudice.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Trooper M.G. Rietmann, the State of Florida, and the Director of the DMV, Officially and Personally, Motion to Dismiss With Prejudice [DE 50] is **GRANTED**;

2. Plaintiff's claims against Defendants Trooper M.G. Rietmann, the State of Florida, and the Director of the DMV, Officially and Personally are hereby **DISMISSED WITH PREJUDICE**; and

3. Defendants Trooper M.G. Rietmann, the State of Florida, and the Director of DMV's Motion to Stay Discovery [DE 68] is **DENIED as MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of May, 2012.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.