UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20657-CIV-COHN/SELTZER

ENRIQUE J. VARONA,

    Plaintiff,

vs.

FLORIDA STATE TROOPER M.G.
RIETMANN, et al.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT HAUL-O-WAY TOWING'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Haul-O-Way Towing's Motion to Dismiss First Amended Complaint [DE 61] ("Motion"). The Court has considered the Motion, Plaintiff's Response [DE 65] ("Response"), notes the lack of reply by the deadline of May 4, 2012, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Enrique J. Varona ("Plaintiff") originally filed this action on February 25, 2011. Complaint [DE 1]. After Judge Jordan[1] granted a motion to dismiss the complaint without prejudice [DE 33], Plaintiff filed the instant Amended Complaint on September 6, 2011, against Defendants M.G. Rietmann ("Rietmann"), Haul-O-Way Towing, Inc. ("Haul-O-Way"), The State of Florida, Chief Administrative Officer of Dade County, and Director of DMV (collectively "Defendants"). Amended Complaint ("Am. Compl.") [DE 36]. The Amended Complaint alleges that the Plaintiff was pulled over for speeding by Defendant Rietmann of the Florida Highway Patrol on January 12, 2012.

---

    [1]    This case was reassigned to the undersigned on March 15, 2012.

Am. Compl. ¶¶ 11, 14.  Because Plaintiff was unable to produce a valid tag and registration for the car, Rietmann had the car towed.  Id. ¶¶ 14, 17-18, 20.  Plaintiff alleges that Defendant Haul-O-Way refused to release the vehicle to him because he was unable to produce a registration or title.  Id. ¶ 44.  Plaintiff was later told that Haul-O-Way no longer had his vehicle.  Id. ¶53.  Plaintiff brings claims against the Defendants for assorted constitutional and statutory violations stemming from the impoundment of his car.  Defendant Haul-O-Way has moved to dismiss Plaintiff's Amended Complaint with prejudice.

## II. DISCUSSION

### A. Legal Standard For Motion to Dismiss.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) encompasses both challenges based on the court's lack of federal subject matter jurisdiction and challenges based on lack of standing.  Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).") (internal quotation marks omitted)); see also Holy Cross Hosp., Inc. v. Baskot, No. 10–62133–CIV, 2010 WL 5418999, at *2 (S.D. Fla. Dec. 23, 2010) ("Standing is jurisdictional in nature; therefore, Defendants proceeded under Rule 12(b)(1) to dismiss Count I for lack of standing.").  A claim cannot proceed in federal court if the plaintiff does not have standing. Valley Forge Christian Coll. v. Am. United for Separation of Church & State, 454 U.S. 464, 471 (1982).

Under Federal Rule of Civil  Procedure 12(b)(6), a court shall grant a motion to

dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" Id. at 556.

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Nevertheless, the Court does not have a "license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

**B. Plaintiff Lacks Standing to Pursue His Claims Against Defendant Haul-O-Way.**

Haul-O-Way first moves to dismiss the Amended Complaint on the grounds that

3

Plaintiff lacks standing to raise his various constitutional claims because he has failed to established that he was the owner of the vehicle that was impounded. Motion at 2 ¶ 4. Accordingly, Haul-O-Way contends that Plaintiff has failed to show that he suffered an injury. Id. Plaintiff disputes that he ever "conceded" that he was unable to produce a title to his vehicle. Response at 2 ¶ 8.

The constitutional standing analysis requires a plaintiff to demonstrate that: (1) the plaintiff suffered an injury in fact; (2) the injury was causally connected to the defendant's action; and (3) the injury will be redressed by a judgment in the plaintiff's favor. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Here, Plaintiff admits in his Amended Complaint that he was unable to produce "a valid temporary tag and registration" when he was pulled over. Am. Compl. ¶ 14. Although Plaintiff vigorously denies that he "conceded" that he was unable to produce a title to his vehicle, the Amended Complaint implies that he also did not produce a title or registration when requested by Haul-O-Way. Id. ¶ 44. Even in his Response, Plaintiff states only that he showed "proof of insurance, towing paperwork, the traffic citations, and documentation from the DMV" to Haul-O-Way.[1] Response at 3 ¶ 13. As Judge Jordan noted in his Order Dismissing Complaint Without Prejudice and Closing Case [DE 33] ("August 9, 2011 Order"), Plaintiff "cannot possibly assert constitutional deprivations due to improper notice concerning sale of 'his' vehicle if he was not the registered owner." August 9,

---

[1] Plaintiff appears to contend in the Amended Complaint that he had filed a complaint with the DMV about the dealer who sold him the automobile and failed to provide him with a title. Am. Compl. ¶ 18. However, Plaintiff also represents that he purchased the vehicle in October 2008. Id. ¶ 16. Thus, Plaintiff was admittedly driving a car without a valid registration and tag in violation of Florida law for over 15 months at the time he was pulled over. Compare Am. Compl. ¶ 11 with Am. Compl. ¶ 16.

2011 Order at 5.[2]  After amending his complaint, Plaintiff still fails to establish that he was the registered owner of the vehicle.  Accordingly, the Court agrees with Haul-O-Way's argument that Plaintiff has once again failed to allege that he suffered an injury in fact.

### C. Plaintiff Fails to State a § 1983 Claim Against Haul-O-Way.

Haul-O-Way also contends that Plaintiff has failed to establish that "acting under color of state law, [it] violated his constitutional rights."  Motion at 3 ¶ 5.  Plaintiff contends that he has stated a claim pursuant to 42 U.S.C. § 1983 because Haul-O-Way was a contractor for the State of Florida and Dade County.  Response at 4 ¶ 16.

"[T]o prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law."  Griffin v. City of Opa–Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).  Only in rare circumstances will a private party be viewed as a state actor for § 1983 purposes. Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001).  A private party acts under color of state law, within the meaning of § 1983 where a private party acts either jointly or with or through a state actor.  See Tower v. Glover, 467 U.S. 914, 920 (1984); Harvey

---

[2]   Judge Jordan cited Muhammed v. Routh Wrecker Service, 14 F.3d 24, 26 (8th Cir. 1994), for the proposition that a towing company did not violate a plaintiff's constitutional rights where it notified the last registered owner of the vehicle, as required by Arkansas statute.  Florida law similarly requires that a towing company notify a vehicle's "registered owner" when a lien is placed on the vehicle for unpaid towing fees. Fla. Stat. § 713.78(4)(a).  Florida law further provides that notice must be provided to the registered owner before an impounded vehicle is sold: "[i]f the date of the sale was not included in the notice required in subsection (4), notice of the sale shall be given to the person in whose name the vehicle or vessel is registered and to all persons claiming a lien on the vehicle or vessel as shown on the records of the Department of Highway Safety and Motor Vehicles or of the corresponding agency in any other state." Fla. Stat. § 713.78(6).

5

v. Harvey, 949 F.2d 1127, 1130 (11th Cir.1992).  As Judge Jordan noted in his August 9, 2011 Order, there is a split of authority as to whether a towing company may be considered a state actor for the purposes of establishing liability under § 1983.  See August 9, 2011 Order at 4 (collecting cases).  Here, even if Haul-O-Way is considered a state actor, Plaintiff's claims against Haul-O-Way still fail.  Plaintiff's claims are based on the fact that Haul-O-Way "violated Varonas [sic] constitutional rights by not releasing the car to him upon proof of automobile insurance."  Am. Compl. ¶ 172.³  However, as discussed in subsection B above, Plaintiff has not established that he was the owner of the vehicle that Haul-O-Way had in its possession.  Thus, because Haul-O-Way was not required to notify Plaintiff before it disposed of his vehicle, Plaintiff has not established that Haul-O-Way deprived him of any constitutional rights.  See Muhammed, 14 F.3d at 26 (affirming dismissal of § 1983 action against towing company because plaintiff's failure to register the vehicle in his own name was the sole reason he did not receive notice before sale of the vehicle).

Plaintiff also alleges that Defendants violated his "constitutional and statutory right to a pre-deprivation hearing or least a post deprivation hearing."  Am. Compl. ¶ 54.  Plaintiff's due process claims against Haul-O-Way fail because he did not exhaust his

---

³ Plaintiff's cites Fla. Stat. § 322.34 throughout his Amended Complaint.  However, this statute is inapplicable to this case.  Plaintiff's vehicle was not impounded because he was driving with a suspended or invalid driver's license, but rather because he was unable to provide Defendant Rietmann with a valid tag and registration in violation of Fla. Stat. §§ 320.02(1) & 320.0605. In any event, Fla. Stat. § 322.34 only provides that a vehicle may be released to the *owner* upon proof of insurance.  Fla. Stat. § 322.34(e)(1).  Thus, even if § 322.34 applied, because Plaintiff never established that he was the registered owner of the vehicle, Defendant Haul-O-Way was not required to release the vehicle to him upon proof of insurance.

remedies pursuant to state law.[4]  The Eleventh Circuit has held that " '[e]ven assuming the continued retention of [the] plaintiffs' personal property is wrongful, no procedural due process violation has occurred if a meaningful postdeprivation remedy for the loss is available.' " Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) (quoting Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir.1991)).  Fla. Stat. § 713.78(5)(a) allows a vehicle owner to file a complaint in the county court within ten days of learning the location of the vehicle "to determine if her or his property was wrongfully taken or withheld from her or him."  Fla. Stat. § 713.78(5)(a).  The Eleventh Circuit has found that " 'a civil cause of action for wrongful conversion of personal property' under state law is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers."  Case, 555 F.3d at 1331 (quoting Lindsey, 936 F.2d at 561).

In Wilson v. Farris, No. 6:07-cv-1293-Orl-28KRS, 2010 WL 3463442, at *4 (M.D. Fla. Aug. 30, 2010), the Middle District of Florida observed that under Florida law, a towing company may be liable for conversion of a vehicle. See, e.g., Desvigne v. Downtown Towing Co., 865 So. 2d 541 (Fla. Dist. Ct. App. 2003) (holding that the plaintiff was entitled to damages in action for conversion brought by motorist whose vehicle was towed by company and later sold at auction without notice). Thus, the court found that the plaintiff's due process claim against the defendant towing company was

---

[4]  In his Response, Plaintiff makes a largely unintelligible argument in support of his claim that he was unlawfully deprived of his property wherein he contends that "DEFENDANT acted without jurisdiction because PLAINTIFF [sic] automobile was registered in the STATE of PENNSYLVANIA [sic] and not the STATE OF FLORIDA."  Response at 7 ¶ 32.  No where does the Amended Complaint allege that Plaintiff's vehicle was lawfully registered in Pennsylvania.  Nor is the Court persuaded that Plaintiff was without remedy under Florida law.

"subject to dismissal because Plaintiff had access to adequate postdeprivation remedies pursuant to state law, and thus, no procedural due process violation has occurred." Wilson, 2010 WL 3463442, at *4.  Similarly, here, the Court finds that Plaintiff has failed to state a § 1983 claim against Haul-O-Way because he failed to seek redress for the alleged deprivation of his property under Florida law.

### D. Plaintiff Fails to State a Claim for Conspiracy under 42 U.S.C. § 1985(3).

Plaintiff also attempts to assert a cause of action against Haul-O-Way for conspiracy pursuant to 42 U.S.C. § 1985(3). "Section 1985(3) creates a cause of action for damages against conspiracies which deprive persons of the equal protection of law or other federal rights, privileges or immunities."  Arnold v. Bd. of Educ. of Escambia Cnty. Ala., 880 F.2d 305, 317 (11th Cir.1989), overruled on other grounds by, Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, (1993). "To state a claim for relief under § 1985(3), a plaintiff must establish that there was 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'"  Smith v. Belle, 321 Fed. Appx. 838, 845 (11th Cir. 2009) (citing Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).  Here, the Amended Complaint fails to allege that Defendants were motivated by a racial or class-based discriminatory animus.  Instead, the Amended Complaint alleges that Defendants "conspired willingly and knowingly with the intent to profit financially by depriving Varona of his constitutional rights."  Am. Compl. ¶ 83.  In Smith v. Belle, the Eleventh Circuit affirmed dismissal of a claim brought pursuant to § 1985 where the plaintiff "alleged throughout that the defendants conspired against him in order to benefit financially." 321 Fed. Appx. at 845.  Accordingly, because Plaintiff alleges that the Defendants

conspired for financial reasons, the Court will dismiss Plaintiff's claim brought pursuant to 42 U.S.C. § 1985(3).

### E. Dismissal with Prejudice is Warranted as to Plaintiff's Federal Claims.

Finally, Haul-O-Way requests that the Amended Complaint be dismissed with prejudice. Motion at 3. "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Coresello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). Leave to amend need not be granted "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Id. (quotation marks omitted). The Court agrees that Plaintiff's federal claims against Haul-O-Way should be dismissed with prejudice because any further amendment would be futile.

However, the Court recognizes that the Amended Complaint also includes a claim for conversion against Defendant Haul-O-Way[5] for Plaintiff's loss of his vehicle and its contents. Florida law recognizes that towing companies may be liable for conversion of a vehicle. Wilson, 2010 WL 3463442, at *4. A "district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Accordingly, the Court will dismiss the conversion count without prejudice so that the Plaintiff may re-file his conversion claim in state court.

### III. CONCLUSION

---

[5] Defendant Haul-O-Way did not address the conversion count in its Motion.

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Haul-O-Way Towing's Motion to Dismiss First Amended Complaint [DE 61] is **GRANTED**;

2. Plaintiff's claims against Defendant Haul-O-Way Towing, Inc. brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) are hereby **DISMISSED WITH PREJUDICE**; and

3. The Court declines to exercise supplemental jurisdiction over Plaintiff's claim for conversion. Accordingly, this claim is **DISMISSED WITHOUT PREJUDICE** so that Plaintiff may re-file it in state court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of June, 2012.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record and pro se parties via CM/ECF.