UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20657-CIV-COHN/SELTZER

ENRIQUE J. VARONA,

        Plaintiff,

vs.

FLORIDA STATE TROOPER M.G.
RIETMANN, et al.,

        Defendants.

_____/

## ORDER VACATING DEFAULT AND GRANTING MIAMI-DADE COUNTY'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Miami-Dade County's Motion

to Set Aside Clerk's Entry of Default [DE 72] ("Motion"). The Court has considered the

Motion, notes the lack of response by the deadline of June 11, 2012[1], and is otherwise

fully advised in the premises.

### I. BACKGROUND

Plaintiff Enrique J. Varona ("Plaintiff") originally filed this action on February 25,

2011.  Complaint [DE 1].  After Judge Jordan[2] granted a motion to dismiss the

complaint without prejudice [DE 33], Plaintiff filed the instant Amended Complaint on

September 6, 2011 against Defendants M.G. Rietmann ("Rietmann"), Haul-O-Way

Towing, Inc., The State of Florida, Chief Administrative Officer of Dade County ("Miami-

---

[1]     Plaintiff requested an extension of time to respond to "Defendant's
Second Motion to Dismiss."  See DE 76.  The Court interpreted this to refer to the
instant Motion and granted the extension [DE 77], but no response was ever filed.

[2]     This case was reassigned to the undersigned on March 15, 2012.

Dade County"), and Director of DMV (collectively "Defendants").  Amended Complaint ("Am. Compl.") [DE 36].  The Amended Complaint alleges that the Plaintiff was pulled over for speeding by Defendant Rietmann of the Florida Highway Patrol on January 12, 2012. Am. Compl. ¶¶ 11, 14.  Because Plaintiff was unable to produce a valid tag and registration for the car, Rietman had the car towed.  Id. ¶¶ 14, 17-18, 20.  Plaintiff alleges that Defendant Haul-O-Way Towing refused to release the vehicle to him because he was unable to produce a registration or title.  Id. ¶ 44.  Plaintiff was later told that Haul-O-Way Towing no longer had his vehicle.  Id. ¶ 53.  Plaintiff brings claims against the Defendants for assorted constitutional and statutory violations stemming from the impoundment of his car.  When Defendant Miami-Dade County failed to respond to the Amended Complaint, Plaintiff sought and obtained entry of a clerk's default.  See DE 66, 67.  On May 2, 2012, Miami-Dade County filed the instant Motion which seeks to vacate the default and to dismiss the Amended Complaint.

## II. DISCUSSION

### A. Good Cause Exists to Vacate the Default.

Pursuant to Federal Rule of Civil Procedure 55(c), "[f]or good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55(c).  The United States Court of Appeals for the Eleventh Circuit has described the relevant law regarding motions to set aside default:

> We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied.  Id.  Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. Rafidain Bank, 15 F.3d at 243; see also Robinson v. United States, 734 F.2d 735, 739 (11th Cir.1984). We note, however, that these factors are not "talismanic," and that courts have

2

> examined other factors including whether the public interest was
> implicated, whether there was significant financial loss to the defaulting
> party, and whether the defaulting party acted promptly to correct the
> default. E.g., Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir.1992).
> "Whatever factors are employed, the imperative is that they be regarded
> simply as a means of identifying circumstances which warrant the finding
> of 'good cause' to set aside a default." Id. However, if a party willfully
> defaults by displaying either an intentional or reckless disregard for the
> judicial proceedings, the court need make no other findings in denying
> relief. Shepard Claims Service, Inc. v. William Darrah & Associates, 796
> F.2d 190, 194-95 (6th Cir.1986).

Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88

F.3d 948, 951-52 (11th Cir. 1996).

Miami-Dade County seeks to vacate the default because the Amended

Complaint was inadvertently misfiled by the County Attorney's Office.  Motion at 1.

Miami-Dade County argues that good cause exists to set aside the default because "the

default was not the result of culpable or willful conduct, setting aside the default would

not prejudice the Plaintiff, the County has multiple meritorious defenses, Plaintiff has

not suffered significant financial loss, the County acted promptly to correct the default,

and setting aside the default would serve the public interest." Id. at 3.  Although Miami-

Dade County could and should have responded to the Amended Complaint after

service, the Court agrees that good cause exists to set aside the default.  Miami-Dade

County's conduct in failing to respond to the Amended Complaint was neither

intentional or reckless.  Additionally, Miami-Dade County presents numerous

meritorious defenses to the Amended Complaint.  Accordingly, the Court will vacate the

default and consider Miami-Dade County's argument that the Amended Complaint

should be dismissed for failure to state a claim.[3]

## B. Legal Standard For Motion to Dismiss.

Under Federal Rule of Civil  Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  Accordingly, a well pleaded complaint will survive a motion to dismiss

---

[3]        Miami-Dade County argues that the Amended Complaint should be dismissed because the summons was improper under Federal Rule of Civil Procedure 4(a)(1)(A), as the case caption of the summons failed to name all the Defendants. Motion at 3.  Because Miami-Dade County has presented substantive defenses to the Amended Complaint, the Court declines to dismiss the pro se Amended Complaint on the grounds that the summons was improper.  Miami-Dade County also argues that the Amended Complaint should be dismissed for failure to serve within 120 days as required by Federal Rule of Civil Procedure 4(m).  Motion at 4-5.  Although the Amended Complaint was filed on September 6, 2011, Judge Jordan entered an order directing the Marshals Service to Effect Service on January 5, 2012.  See DE 39. The summons was issued on February 9, 2012.  See DE 41.  On the basis of this Court order, the Court declines to dismiss the Amended Complaint for failure to comply with Rule 4(m).

4

"'even if it appears that a recovery is very remote and unlikely.'" Id. at 556.

_____Pro se_ complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Nevertheless, the Court does not have a "license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

### C. Plaintiff Fails to State a Claim Against Miami-Dade County.

Miami-Dade County argues that the Amended Complaint should be dismissed because it fails to "state any allegations or claims against the County."  Motion at 6. The Court agrees.  Although the case caption lists the "Chief Administrative Officer of Dade County" as a defendant, the Amended Complaint itself fails to contain any allegations regarding Miami-Dade County.  Other than the fact that the impoundment of Plaintiff's car took place in Miami-Dade County, Miami-Dade County has no other connection to the events described in the Amended Complaint.  Thus, even construing the Amended Complaint in the light most favorable to the Plaintiff, the Court finds that Plaintiff fails to state a claim against Miami-Dade County.

"[T]o prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa–Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).  To establish § 1983 liability, the plaintiff must allege "an affirmative causal connection between a

government actor's acts or omissions and the alleged constitutional violation."  Brown v. City of Huntsville, Ala., 608 F.3d 724, 737 (11th Cir. 2010).  However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  Molette v. Georgia, No. 11-10581, 2012 WL 1002342, at *2 (11th Cir. Mar. 27, 2012) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)).  "A suit against a public official in his official capacity is ... treated as a suit against the local government entity he represents, assuming that the entity receives notice and an opportunity to respond." McMillian v. Johnson, 88 F.3d 1573, 1576 n. 2 (11th Cir. 1996) (citations omitted).  To impose section 1983 liability on a municipality or county, a plaintiff must identify a municipal or county policy or custom that caused his injuries.  Gomez v. Lozano, 759 F. Supp. 2d 1335, 1338 (S.D. Fla. 2011).  A court may hold the county liable only if its custom or policy caused the county  "employees to violate a citizen's constitutional rights."  Id. (quoting Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998)).  Here, where the Amended Complaint fails to mention Miami-Dade County at all, apart from the location where Plaintiff's vehicle was impounded, Plaintiff has fallen woefully short of this standard.  Accordingly, the Court will grant Miami-Dade County's motion to dismiss for failure to state a claim.[4]

### D. Dismissal with Prejudice is Warranted.

Finally, the Court concludes that dismissal with prejudice is warranted.

"Ordinarily, a party must be given at least one opportunity to amend before the district

---

[4]    Because the Court finds that Plaintiff has failed to state a claim against Miami-Dade County, the Court declines to reach Miami-Dade County's argument that the County is immune from punitive damages.  See Motion at 9-10.

court dismisses the complaint." <u>Coresello v. Lincare, Inc.</u>, 428 F.3d 1008, 1014 (11th Cir. 2005). Leave to amend need not be granted "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." <u>Id.</u> (quotation marks omitted). The Court finds that Plaintiff's claims against Miami-Dade County should be dismissed with prejudice because Plaintiff has already been permitted to amend his complaint once and the Amended Complaint does not contain any allegations against Miami-Dade County whatsoever.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant Miami-Dade County's Motion to Set Aside Clerk's Entry of Default [DE 72] is **GRANTED**;

2.  The Clerk's Default [DE 67] is **VACATED**;

3.  Plaintiff's claims against Defendant Chief Administrative Officer of Dade County are hereby **DISMISSED WITH PREJUDICE**; and

4.  The Clerk is directed to **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31st day of July, 2012.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record and pro se parties via CM/ECF.